UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-09384-CAS(JEMx) | Date | July 17, 2014 |
|---|---|---|---|
| Title | FERNANDO LAVIN ET AL. V. UNITED TECHNOLOGIES CORPORATION ET AL. | | |

| Present: The Honorable | Christina A. Snyder | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(In Chambers:)** DEFENDANTS' MOTION TO SEVER (Dkt. #17, filed June 19, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 21, 2014, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

Plaintiffs Fernando Lavin and German Sandoval filed this action in Los Angeles County Superior Court on October 7, 2013, against defendants United Technologies Corporation, UTC Aerospace Systems, Goodrich Corporation (collectively referred to herein as "Goodrich/UTC"), and Michael Zanutto. Dkt. #1. Defendants removed the action to this Court on December 20, 2013. Id. The complaint asserts claims for: (1) wrongful termination in violation of public policy; (2) retaliation in violation of public policy; (3) violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq.; and (4) violation of the California Family Rights Act ("CFRA"), Cal. Gov. Code § 12945.2. Id. In brief, plaintiffs allege that they were employed by Goodrich/UTC beginning in the mid-1990's, until Lavin's termination on September 1, 2012, and Sandoval's termination on October 7, 2011. Compl. ¶ 5. Plaintiffs allege that they were both wrongfully terminated in retaliation for conducting a joint campaign to promote an improvement in Goodrich/UTC's production processes. Id. (Lavin) ¶ 28; id. (Sandoval) ¶ 23.[1] Plaintiffs also allege that their termination was the result of their requests for

---

[1] The complaint's paragraphs are not consecutively numbered. Rather, the complaint is divided into three sections, the first containing allegations pertaining to both

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-09384-CAS(JEMx) | Date | July 17, 2014 |
|---|---|---|---|
| Title | FERNANDO LAVIN ET AL. V. UNITED TECHNOLOGIES CORPORATION ET AL. | | |

medical and personal leave, as well as their contentious relationship with a Goodrich/UTC supervisor, defendant Zanutto. E.g., id. (Lavin) ¶¶ 35-36, 55; id. (Sandoval) ¶¶ 29, 44.

Defendants filed a motion to sever plaintiffs' claims pursuant to Federal Rule of Civil Procedure 21, or, in the alternative, to have plaintiff's claims tried separately pursuant to Rules 20(b) and 42(b). Dkt. #17. Plaintiffs filed an opposition on June 30, 2014, dkt. #19, and defendants replied on July 7, 2014, dkt. #20. After considering the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

### A. Joinder

Defendants argue that plaintiffs' claims should be severed because their claims do not have a common factual basis, and are therefore not properly joined under Federal Rule of Civil Procedure 20. The Court disagrees. Under Fed. R. Civ. P. 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). "Rule 20(a)(2) is designed to promote judicial economy and trial convenience." Hard Drive Prods., Inc. v. Does 1-188, 809 F. Supp. 2d 1150, 1156 (N.D. Cal. 2011). If the Court concludes that joinder is not proper, a court may "add or drop a party," or "sever any claim against a party." Fed. R. Civ. P. 21.

---

plaintiffs, the second containing allegations pertaining to Lavin, and the third containing allegations pertaining to Sandoval. Thus, the Court cites the section of the complaint pertaining to Lavin as "Compl. (Lavin)" and the section pertaining to Sandoval as "Compl. (Sandoval)." The first section of the complaint is cited simply as "Compl."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-09384-CAS(JEMx) | Date | July 17, 2014 |
|---|---|---|---|
| Title | FERNANDO LAVIN ET AL. V. UNITED TECHNOLOGIES CORPORATION ET AL. | | |

As stated above, plaintiffs allege that they had the same employer, and were both terminated in retaliation for jointly campaigning for an improvement in Goodrich/UTC's manufacturing processes, as well as due to conflicts with the same supervisor, Michael Zanutto. Thus, based on the allegations in the complaint, the Court finds that joinder is proper because plaintiff's claims arise out of the "same . . . series of transactions or occurrences." See Fed. R. Civ. P. 20(a). Defendants resist this conclusion, offering evidence outside the pleadings that, according to defendants, demonstrates that plaintiffs' claims are unrelated and therefore not properly joined. The Court declines to consider that evidence at this time because doing so would require the Court to delve into the evidentiary and factual basis of plaintiffs' claims.[2] Such an inquiry would be premature, in light of the fact that the discovery cut-off in this matter is December 15, 2014, dispositive motions are due no later than January 20, 2015, and trial is not set to commence until May 26, 2015. Dkt. #12. For the moment, it is sufficient to say that defendants will not suffer prejudice from joinder that extends through discovery and the filing of all motions.

### B. Separate Trials

Pursuant to Rule 20(b) or Rule 42(b), the Court may order that certain claims be tried separately in order to promote judicial economy or avoid prejudice to any party. Defendants argue that, even if joinder is proper under Rule 20(a), plaintiffs' claims should still be tried separately. According to defendants, trying plaintiffs' claims together will result in jury confusion and unfair prejudice to defendants. The Court finds that this argument is also premature, for the reasons stated in Section II(A) above.

---

[2] Accordingly, plaintiffs' objections to this evidence are OVERRULED as moot because the Court does not rely on that evidence in ruling on the present motion. Defendants also object to evidence offered by plaintiffs in support of their opposition to the present motion. Those objections are likewise OVERRULED as moot because the Court does not rely on that evidence in ruling on the present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-09384-CAS(JEMx) | Date | July 17, 2014 |
|---|---|---|---|
| Title | FERNANDO LAVIN ET AL. V. UNITED TECHNOLOGIES CORPORATION ET AL. | | |

### III.  CONCLUSION

In accordance with the foregoing, defendants' motion is hereby DENIED. This denial is without prejudice to renewal at the pretrial conference, currently scheduled for May 4, 2015.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | CMJ | | |