UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-09384-CAS(JEMx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | FERNANDO LAVIN ET AL. V. UNITED TECHNOLOGIES CORPORATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants

Not Present    Not Present

**Proceedings:**    **(In Chambers)** MOTION FOR LEAVE TO FILE AND SERVE FIRST AMENDED COMPLAINT AND REQUEST TO MODIFY SCHEDULING ORDER (Dkt. 25, filed August 9, 2014)

    The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the hearing date of September 8, 2014 is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION & BACKGROUND

    Plaintiffs Fernando Lavin and German Sandoval filed the instant action in Los Angeles County Superior Court on October 7, 2013, against defendants United Technologies Corporation, UTC Aerospace Systems, Goodrich Corporation (collectively, "Goodrich/UTC"), and Michael Zanutto. Dkt. #1. Defendants filed a timely notice of removal on December 20, 2013, based on federal question jurisdiction.[1] Id. The complaint asserts claims for: (1) wrongful termination in violation of public policy; (2) retaliation in violation of public policy; (3) violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq.; (4) violation of the California Family Rights Act ("CFRA"), Cal. Gov. Code § 12945.2; and (5) disability discrimination in violation of the California Fair Employment and Housing Act ("CFEH"), Cal. Gov. Code § 12940, et seq. Id. In brief, plaintiffs allege that they were employed by Goodrich/UTC beginning in the mid-1990s, until Lavin's termination on September 1, 2012, and Sandoval's termination on October 7, 2011. Compl. ¶ 5. Both plaintiffs allege that they were wrongfully

---

[1] Plaintiffs served defendants with the summons and complaint on November 26, 2013. Dkt. #1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-09384-CAS(JEMx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | FERNANDO LAVIN ET AL. V. UNITED TECHNOLOGIES CORPORATION ET AL. | | |

terminated in retaliation for conducting a joint campaign to promote an improvement in Goodrich/UTC's production processes. Id. (Lavin) ¶ 28; id. (Sandoval) ¶ 23.[2] Plaintiffs also allege that their terminations were the result of their requests for medical and personal leave, as well as their contentious relationship with a Goodrich/UTC supervisor, defendant Zanutto. See e.g., id. (Lavin) ¶¶ 35-36, 55; id. (Sandoval) ¶¶ 29, 44.

On June 19, 2014, defendants filed a motion to sever the cases of plaintiffs Lavin and German pursuant to Federal Rule of Civil Procedure 21, or in the alternative, to have plaintiffs' claims tried separately pursuant to Rules 20(b) and 42(b). Dkt. #17. The Court denied defendants' motion without prejudice to renewal at the pretrial conference. Dkt. #24.

On August 9, 2014, plaintiffs lodged the instant motion for leave to file a first amended complaint ("FAC") and to modify the court's scheduling order to extend the last day to file amended pleadings. Dkt. #25. Specifically, plaintiffs seek to remove plaintiff German's disability discrimination claim, and to add factual allegations to plaintiff Lavin's disability discrimination claim. Id. Plaintiffs also request that the Court change the last day to file amended pleadings from July 1, 2014 to October 1, 2014. Id. Defendants opposed this motion on August 18, 2014, dkt. # 26, and plaintiffs replied on August 24, 2014, dkt. #28. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). Martinez v. Newport Beach

---

[2] The complaint's paragraphs are not consecutively numbered. Rather, the complaint is divided into three sections, the first containing allegations pertaining to both plaintiffs, the second containing allegations pertaining to Lavin, and the third containing allegations pertaining to Sandoval. Thus, the Court cites the section of the complaint pertaining to Lavin as "Compl. (Lavin)" and the section pertaining to Sandoval as "Compl. (Sandoval)." The first section of the complaint is cited simply as "Compl."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:13-cv-09384-CAS(JEMx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | FERNANDO LAVIN ET AL. V. UNITED TECHNOLOGIES CORPORATION ET AL. | | |

City, 125 F.3d 777, 785 (9th Cir.1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir.2000). This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 609 (9th Cir. 1992)).

Here, the Court has already set a deadline of July 1, 2014, for adding parties and amending pleadings. Therefore, plaintiffs must demonstrate "good cause" for bringing this motion under Rule 16; then if "good cause" is shown, plaintiffs must demonstrate that amendment is proper under Rule 15(a).

    A.    **Federal Rule of Civil Procedure 16**

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F. 2d at 609. Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.2002) (quoting Johnson, 975 F.2d at 609). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." Miller v. Safeco Title Ins. Co., 758 F. 2d 364, 369 (9th Cir. 1985).

    B.    **Federal Rule of Civil Procedure 15**

Federal Rule of Civil Procedure 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-09384-CAS(JEMx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | FERNANDO LAVIN ET AL. V. UNITED TECHNOLOGIES CORPORATION ET AL. | | |

consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F. 2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F. 3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F. 3d 815, 818 (9th Cir. 2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F. 2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F. 2d 1446, 1454 (9th Cir. 1990)). But see Bowles v. Reade, 198 F. 3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice because "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

## III. ANALYSIS

Plaintiffs assert that there is good cause to modify the Court's scheduling order to permit filing of the FAC for two reasons. First, plaintiffs' counsel contends that he only became fully aware of the facts underlying Lavin's disability discrimination claim after defendants produced certain discovery on May 12, 2014, and June 23, 2014, and after defendants deposed Lavin on June 27, 2014 and July 1, 2014. Pls.'s Mot. at 3. According to plaintiffs' counsel, "Lavin's English is not as good as his native tongue,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-09384-CAS(JEMx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | FERNANDO LAVIN ET AL. V. UNITED TECHNOLOGIES CORPORATION ET AL. | | |

Spanish," Pls.'s Reply at 4, a fact that only became apparent to counsel during Lavin's June 27, 2014 deposition, which required a Spanish language interpreter, id. at 2. Moreover, plaintiffs' counsel "does not speak Spanish." Id. Second, plaintiffs contend that Goodrich/UTC will not suffer prejudice, since defendants received notice of Lavin's disability discrimination claim when they were served with the discrimination complaint that Lavin filed with the California Department of Fair Employment and Housing ("DFEH"). Id. at 5.

Defendants contend that plaintiffs' counsel failed to exercise the diligence required by Rule 16(b). Defendants first argue that plaintiffs' counsel could have learned about Lavin's disability discrimination allegations by interviewing him. Opp'n at 5. Defendants also assert that the discovery turned over to plaintiffs on June 23, 2014 had no bearing on the factual allegations plaintiffs seek to add to the FAC.[3] Id. at 4. In the alternative, defendants contend that plaintiffs' motion should be denied pursuant to Rule 15(a). Defendants argue that they will suffer prejudice if the motion is granted, since defendants have already deposed certain witnesses and would be curtailed in their "ability to seek an early summary judgment motion." Id. at 7. Defendants further assert that amending the complaint is futile, because plaintiff Lavin has not exhausted his administrative remedies with the DFEH, and the disability discrimination claim is time-barred.[4] Id. at 9.

The Court finds that modification of the scheduling order to permit amendment of the complaint should be permitted. A scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). In deciding whether to

---

[3] Defendants' June 23, 2014 production was subject to a stipulated protective order. Opp'n at 4. Defendants assert that plaintiffs' counsel's lack of diligence in agreeing to the form of that stipulation was "a prime reason" for defendants' delayed production. Id.

[4] Defendants also contend that plaintiffs failed to adequately meet and confer before filing this motion, and thus the motion should be dismissed in its entirety. Opp'n at 2. It appears as though the parties briefly met and conferred at the end of the July 7, 2014 settlement conference. Id.; Pls.'s Reply at 3. Accordingly, the Court declines to dismiss plaintiffs' motion due to allegedly imperfect compliance with Local Rule 7-3. However, the parties are admonished to comply with the local rules in the future.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-09384-CAS(JEMx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | FERNANDO LAVIN ET AL. V. UNITED TECHNOLOGIES CORPORATION ET AL. | | |

permit modification to the order, the Court should consider: (1) the degree of prejudice to the moving party resulting from failure to modify; (2) the degree of prejudice to the nonmoving party from a modification; (3) the impact of a modification at that stage of the litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith, or inexcusable neglect on the part of the moving party. United States v. First Nat. Bank of Circle, 652 F.2d 882, 887 (9th Cir.1981). When refusal to allow modification might result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than slight inconvenience to the court, modification should be allowed. Id.

    Plaintiffs' counsel has demonstrated that, due to a language barrier between him and Lavin, counsel did not fully apprehend that Lavin's disability discrimination claim might be asserted as proposed in the FAC. Further, it appears as though Lavin's DFEH complaint gave defendants adequate notice of this claim. Upon reviewing Lavin's DFEH complaint, it appears that Lavin claimed that he suffered from heart problems and applied for relief with Goodrich/UTC under the FMLA, which was temporarily granted; however, it appears that Goodrich/UTC withdrew its consent to such leave and thereafter notified Lavin that he had been terminated for violation of Goodrich/UTC's attendance policy. Moreover, the facts underlying the claimed disability discrimination were adduced by defendants' counsel in the course of taking Lavin's deposition. As such, these new allegations present no surprise or unfair prejudice to defendants.

    Likewise, insofar as Goodrich/UTC argues that Lavin's disability discrimination claim is barred based on failure to obtain a right to sue letter as to that claim from the DFEH, it does not appear from the record that there would be need for a new right to sue letter. Because the facts underlying the disability discrimination claim were the subject of the original DFEH complaint, they were therefore covered by the right to sue letter.[5]

---

    [5] Insofar as defendants allege futility on the grounds that the disability discrimination claim is time barred, that matter is better decided on a motion to dismiss or a motion for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-cv-09384-CAS(JEMx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | FERNANDO LAVIN ET AL. V. UNITED TECHNOLOGIES CORPORATION ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiffs' motion to amend the scheduling order and to file a first amended complaint. The last date to file amended pleadings in this case now shall be **October 1, 2014**. All other dates shall remain unchanged.

IT IS SO ORDERED.

00 : 00

Initials of Preparer   CMJ